IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-179-RJC-DCK

| | |
|---|---|
| JALONDA NICHEL DUNLAP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant United Parcel Service, Inc.'s Motion To Dismiss" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff JaLonda Nichel Dunlap ("Plaintiff" or "Dunlap) filed her "Complaint" (Document No. 1) in this action on April 13, 2011; however, it does not appear that Defendant United Parcel Service, Inc. ("Defendant" or "UPS") was ever properly served with that pleading. On August 9, 2011, Plaintiff filed another "Complaint" with the Court, which has been construed as an "Amended Complaint" (Document No. 5) ("Complaint"). Plaintiff's Complaint asserts claims for employment discrimination pursuant to Title VII of the Civil Rights Act, based on her race and gender, as well as breach of contract. Id. The Complaint was served on Defendant on or about August 10, 2011. (Document No. 7).

"Defendant United Parcel Service, Inc.'s Motion To Dismiss" and "Memorandum Of Law In Support Of Defendant United Parcel Service, Inc.'s Motion To Dismiss" (Document No. 10) were

filed August 31, 2011. The pending motion seeks dismissal of Plaintiff's discrimination claims that occurred after the filing of her first charge with the Equal Employment Opportunity Commission ("EEOC"), and dismissal of the breach of contract claim. (Document No. 10). "Plaintiff's Jalonda Nichel Dunlap Opposition To Defendant's United Parcel Service, Inc. Motion To Dismiss" (Document No. 17) was filed October 7, 2011. "Defendant United Parcel Service, Inc.'s Reply Brief In Support Of Its Motion To Dismiss" (Document No. 19) was filed October 17, 2011.

In its reply, Plaintiff voluntarily withdraws its arguments for dismissal of the Title VII claims, but continues to argue that dismissal of Plaintiff's breach of contract claim is appropriate. (Document No. 19, pp.2-3). On October 26, 2011, "Plaintiff JaLonda Nichel Dunlap's Reply Brief In Support Of Opposition Motion To Dismiss" (Document No. 20) or "Surreply" was filed, without leave of the Court.

Immediate review of the pending motion and a recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The issue now before the Court is whether Plaintiff has sufficiently pled a breach of contract claim to survive a Rule 12(b)(6) motion to dismiss. The Complaint, viewed in the light most favorable to Plaintiff, alleges that Defendant violated a contract with Plaintiff by improperly terminating her employment: (1) based on information from a GPS system; and/or (2) due to an accident involving a mailbox; and/or (3) because of alleged use of a cell phone. (Document No. 5, pp.11-12). Plaintiff's Complaint also asserts that Defendant violated the contract by failing to issue a warning letter prior to termination, and by failing to provide Plaintiff a vehicle equipped with a camera monitor backing system, power steering, and/or a hand truck. Id. Plaintiff contends that Defendant's violations involve Articles 6, 50, 18, 11, and/or 44 of the parties' contract; however,

3

Plaintiff's Complaint does not provide any other specific details about the contract, or attach a copy of the document. (Document No. 5).

Defendant contends that Plaintiff's "state-law claim for breach of contract is based on miscellaneous alleged violations of the collective bargaining agreement (the "CBA") between UPS and the International Brotherhood of Teamsters ("the Union"), and that as such, the "claim is preempted by Section 301 of the Labor Management Relations Act [29 U.S.C. § 185], for which Plaintiff fails to plead the elements necessary to state a claim." (Document No. 10-1, pp.1-2).

Defendant argues that it "is well-established that Section 301 preempts all state law claims alleging a violation of a collective bargaining agreement or requiring the interpretation of a collective bargaining agreement." (Document No. 10-1, p.6) (citing United Steelworkers of Am. v. Rawson, 495 U.S. 362, 368 (1990); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 399 (1998); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985); Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002); and McCormick v. AT&T Techs., Inc., 934 F.2d 531, 535 (4th Cir. 1991)). Defendant further argues that Plaintiff's breach of contract claim is clearly based on alleged violations of the CBA, requiring interpretation and application of the CBA, and therefore, this cause of action is preempted by Section 301. (Document No. 10-1, p.7). The undersigned agrees. Moreover, Plaintiff's brief in response acknowledges that the CBA is the contract at issue, and appears to concede that analysis pursuant to Section 301 is appropriate. (Document No. 17, pp.7-11).

Next, Defendant argues that Plaintiff has failed to state a claim under Section 301. (Document No. 10-1, p.7). Defendant contends that "[p]rior to asserting a Section 301 claim against an employer for breach of a collective bargaining agreement, the plaintiff must first exhaust any grievance or arbitration remedies provided her in the collective bargaining agreement." (Document

4

No. 10-1, p.7) (citing DelCostello v. Int'l Broth of Teamsters, 462 U.S. 151, 163 (1983); Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); and Walker v. Consolidated Freightways, Inc., 930 F.2d 376, 382 (4th Cir. 1991)). Defendant concludes that Plaintiff must allege that she exhausted all the grievance or arbitration remedies in order to state a claim upon which relief may be granted. Id. Again, the undersigned agrees with Defendant's argument.

Plaintiff fails to sufficiently allege in her Complaint, or her response or Surreply, that she pursued and exhausted the grievance procedure under the applicable CBA. In fact, neither Plaintiff nor Defendant even address the contents of the grievance or arbitration remedy under the CBA. Plaintiff's filings at least *suggest* that some sort of grievance procedure might have been pursued because she is clearly critical of the Union and its representative's assistance before a "panel." (Document No. 17, p. 9; Document No. 20, pp.3-4). Nevertheless, even liberally construing the *pro se* Plaintiff's arguments, it is difficult to determine what the proper grievance procedure was in this instance and whether or not it was exhausted.

Assuming *arguendo* that Plaintiff sufficiently alleged that she pursued and exhausted the available grievance procedures, she must then allege (1) that the union breached its duty of fair representation, and (2) that the employer violated the CBA. (Document No. 10-1, p.8) (citing DelCostello, 462 U.S. at 164; Amburgey v. Consolidation Coal Co., 923 F.2d 27, 29 (4th Cir. 1991); Freeman v. Duke Power Co., 2003 WL 21981291 at *6 (M.D.N.C. Aug. 15, 2003). Although there is the suggestion that Plaintiff was displeased with the assistance, or lack thereof, from the Union, she does not adequately allege that the Union breached its duty of fair representation.

> "[A] cause of action "will only lie against an employer if the union has breached its duty of fair representation of the employee." Accordingly, an employee "must prevail upon his unfair

representation claim before he may even litigate the merits of his § 301 claim against the employer." . . . "Federal courts do not invade this domain on the complaint of an employee unless his union is 'grossly deficient' in its representation or 'recklessly disregards' the employee's rights."

. . .

It is well established that unions, as exclusive bargaining agents in the negotiation, administration and enforcement of collective bargaining agreements, have an implicit duty "to serve the interests of all members without hostility or discrimination toward any, to exercise [their] discretion with complete good faith and honesty, and to avoid arbitrary conduct." . . . Whether a union acted arbitrarily, discriminatorily or in bad faith requires a separate analysis, because each of these requirements represents a distinct and separate obligation.

Thompson v. Aluminum Co. of America, 276 F.3d 651, 656-657 (4th Cir. 2002) (internal citations omitted).

Based on the foregoing, the undersigned finds that Plaintiff has failed to adequately state a claim for breach of contract. The undersigned does not, however, express any opinion as to how the Court might rule on a proper motion to amend the Complaint that indicates that Plaintiff can adequately plead the elements of a Section 301 claim with sufficient factual support.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant United Parcel Service, Inc.'s Motion To Dismiss" and "Memorandum Of Law In Support Of Defendant United Parcel Service, Inc.'s Motion To Dismiss" (Document No. 10) be **GRANTED**, as to Plaintiff's breach of contract claim only.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of

same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 14, 2011

David C. Keesler
United States Magistrate Judge