# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-179-RJC-DCK

| | |
|---|---|
| JALONDA NICHEL DUNLAP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff JaLonda Nichel Dunlap's ("Plaintiff") Motion for Default Judgment in Part, (Doc. No. 12), and Defendant United Parcel Service, Inc.'s ("Defendant") Response in Opposition, (Doc. No. 16).

## I. BACKGROUND

Plaintiff filed a Complaint in this action on April 13, 2011, (Doc. No. 1), and an Amended Complaint on August 9, 2011, (Doc. No. 5). Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on August 31, 2011. (Doc. No. 10). Plaintiff argues in her Motion for Default Judgment in Part, (Doc. No. 12), that default judgment is warranted because Plaintiff did not receive Defendant's Motion to Dismiss until after the responsive pleading deadline.

## II. DISCUSSION

Plaintiff's Motion for Default Judgment in Part is procedurally improper. Federal Rule of Civil Procedure 55(b)(2) provides that a default judgment can be entered only after the Court has found a party in default. See Klapprott v. United States, 335 U.S. 601, 611 (1949). Indeed,

an entry of default must precede a default judgment in order to "provide notice to the defaulting party...." Carbon Fuel Co. v. USX Corp., 153 F.3d 719, 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998); see also Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). In the instant case, Plaintiff has failed to show either that there has been an entry of default or that Defendants have failed to respond to her allegations as would be required under Rule 55(a).

Plaintiff's Motion is also substantively flawed. Federal Rule of Civil Procedure 12 provides that a defendant generally must serve its responsive pleading within 21 days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A). Plaintiff served her Amended Complaint on Defendant on August 15, 2011. (Doc. No. 9 at 1). Defendant had until September 6, 2011 to serve Plaintiff with a responsive pleading. FED. R. CIV. P. 12(a)(1)(A); 6(a)(2)(C). On August 31, 2011, Defendant filed its Motion to Dismiss and served the same on the Plaintiff by U.S. Mail.[1] (Doc. No. 10 at 3: Certificate of Service). Therefore, Defendant timely served its responsive pleading.

Plaintiff contends that because she did not receive a copy of Defendant's Motion to Dismiss until September 7, 2011, one day after the responsive pleading deadline, she is entitled to entry of default judgment. (Doc. No. 12-1 at 1-4). Service of a motion by U.S. mail is complete upon mailing. See FED. R. CIV. P. 5(b)(2)(C). Defendant mailed the Motion to Dismiss on August 31, 2011, which was prior to the September 6, 2011 deadline. Plaintiff's Motion is procedurally and substantively flawed and is therefore DENIED.

---

[1] Defendant also sent Plaintiff a copy of the Motion by UPS Next Day Air on September 6, 2007, for delivery on September 7, 2007. (Doc. Nos. 16 at 4-5; 12-2).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED**.

Signed: February 1, 2012

Robert J. Conrad, Jr.
Chief United States District Judge