UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-179-RJC-DCK

| | |
|---|---|
| JALONDA NICHEL DUNLAP, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED PARCEL SERVICE, INC., )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on the following documents:

1. Defendant United Parcel Service, Inc.'s ("UPS" or "Defendant") Motion to Dismiss, (Doc. No. 10);

2. Plaintiff's Response to Motion to Dismiss ("Response"), (Doc. No. 17);

3. The Magistrate Judge's Memorandum and Recommendations ("M&R"), (Doc. No. 22), recommending that the Court **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss;

4. Plaintiff's Objection to the M&R, (Doc. No. 29); and

5. Defendant's Reply to the Objection to the M&R, (Doc. No. 32).

**I. BACKGROUND**

Pro se Plaintiff JaLonda Nichel Dunlap ("Plaintiff") filed a complaint alleging employment discrimination pursuant to Title VII of the Civil Rights Act and breach of contract. (Doc. No. 1). Plaintiff claims Defendant fired her without cause and failed to follow proper procedures after her employment was terminated. (Id. at 7-13). She was terminated three separate times and was not reinstated after the final termination. (Id. at 2; 13). She also claims that the punishment given to her after each incident was disproportionate to punishments given

to other employees. (Id. at 12; 13).

Plaintiff filed her Complaint, (Doc. No. 1), in this action on April 13, 2011. On August 9, 2011, Plaintiff filed another Complaint with the Court, which has been construed as an Amended Complaint, (Doc. No. 5) ("Amended Complaint"). Plaintiff's Amended Complaint asserts claims for employment discrimination pursuant to Title VII of the Civil Rights Act, based on her race and gender, as well as breach of contract. The Amended Complaint was served on Defendant on or about August 10, 2011. (Doc. No. 7).

Defendant's Motion to Dismiss and Memorandum in Support, (Doc. No. 10), were filed August 31, 2011. The pending Motion seeks dismissal of Plaintiff's discrimination claims that occurred after the filing of her first charge with the Equal Employment Opportunity Commission ("EEOC"), and dismissal of the breach of contract claim. (Doc. No. 10). Plaintiff's Opposition to the Motion to Dismiss, (Doc. No. 17), was filed October 7, 2011. Defendant's Reply to Plaintiff's Opposition, (Doc. No. 19), was filed October 17, 2011. In its Reply, Defendant voluntarily withdraws its arguments for dismissal of Plaintiff's Title VII claims, but continues to argue that dismissal of Plaintiff's breach of contract claim is appropriate. (Doc. No. 19 at 2).

On November 14, 2011, the Magistrate Judge issued an M&R, (Doc. No. 22), recommending that the Court **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss, (Doc. No. 10), finding that Plaintiff had not properly exhausted her administrative remedies. On December 5, 2011, Plaintiff filed an Objection to the M&R, (Doc. No. 29). Defendant filed a Response in Opposition to Plaintiff's Objection, (Doc. No. 32), on December 22, 2011.

Plaintiff's Objection to the M&R contains three arguments. First, Plaintiff claims that the facts and documentation in the Amended Complaint, (Doc. No. 5), are sufficient for the

Court to place the burden of disproving Plaintiff's contract claim on Defendant. (Doc. No. 29 at 2). Plaintiff's second objection is that the Magistrate Judge erred when stating that "Plaintiff's Complaint does not provide any other specific details about the contract." (Id.). Plaintiff states that she attached relevant portions of the contract and that the entire contract was not submitted because of the amount of copy fees and the irrelevancy of the entire document. (Id.).

Plaintiff's final argument objects to the Magistrate Judge's findings that Plaintiff did not properly exhaust her administrative remedies. (Doc. No. 29 at 3). Plaintiff states that she filed three grievances and that they were never properly addressed. (Id.). She also claims that she made a sworn statement at the National Labor Relations Board and filed a claim against the International Brotherhood of Teamsters ("the Union"). (Id.). Plaintiff further states that the Union failed in exercising its duty of "good faith" and "fair dealings," and that it was the Union, not her, that failed to exhaust all administrative remedies. (Id.).

## II.   STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Nonetheless, a district judge is

responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate Judge's M&R.

**III.   ANALYSIS**

Plaintiff's state-law breach of contract claim alleges violation of the collective bargaining agreement ("CBA") between Defendant and the Union. Defendant argues that Plaintiff's claim is preempted by Section 301 of the Labor Management Act, 29 U.S.C. § 185. Defendant further contends that it "is well established that Section 301 preempts all state-law claims alleging a violation of a "CBA" or requiring interpretation of a CBA." (Doc. No. 10 at 6). In both Plaintiff's Opposition to Defendant's Motion to Dismiss, (Doc. No. 17 at 6), and Plaintiff's Objection to the M&R, (Doc. No. 29), Plaintiff acknowledges that the CBA is the contract at issue and does not rebut Defendant's assertion that Plaintiff's claim falls under Section 301. For these reasons, the Court **ADOPTS** the Magistrate Judge's finding that Plaintiff's breach of contract claim falls under Section 301.

The Court also agrees with the Magistrate Judge's finding that Plaintiff failed to sufficiently allege in her Complaint, (Doc. No. 5), or her Response to Defendant's Motion to Dismiss, (Doc. No. 17), that she pursued and exhausted the grievance procedures under the applicable CBA. Defendant contends that "prior to asserting a Section 301 claim against an employer for breach of contract of a collective bargaining agreement, the plaintiff must first exhaust any grievance or arbitration remedies provided her in the collective bargaining agreement. (Doc. No. 10 at 7) (citing DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 163 (1983)). It appears from the Plaintiff's filings that such a grievance procedure was not completed. Plaintiff also states in her Objection, (Id. at 3), that in August 2011, she made a sworn statement at the National Labor Relations Board. Again, Plaintiff's claim contains

4

nothing to indicate that she completed the exhaustion procedures.  Plaintiff therefore fails to satisfy the elements set forth in Section 301.  For these reasons, the Court **ADOPTS** the Magistrate Judge's finding that Plaintiff failed to sufficiently allege that she pursued and exhausted the grievance procedure under the applicable CBA.  Therefore, Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff's breach of contract claim and **DENIED** with respect to Plaintiff's Title VII claim.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 22) is **ADOPTED**; and
2. Defendant's Motion to Dismiss, (Doc. No. 10), is **GRANTED** with respect to Plaintiff's breach of contract claim and **DENIED** with respect to Plaintiff's Title VII claim.

Signed: February 1, 2012

Robert J. Conrad, Jr.
Chief United States District Judge